IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Vilbrun MACELUS, | |
| Plaintiff, | Civil No. 17-2025 (RBK/JS) |
| v. | **OPINION** |
| CAPITAL COLLECTION SERVICE, and JOHN DOES 1-25 | |
| Defendant(s). | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion to Dismiss (Doc. No. 5) and Motion for Sanctions (Doc. No. 7), and Plaintiff's Opposition (Doc. No. 8) and Defendant's Reply (Doc. No. 9) thereto.

This case concerns a collection letter sent by Capital Collection Service to Mr. Vilbrun Macelus for recovery of $351.00, and the entirety of this dispute appears to hinge on the purported ambiguity of the language "Account for: Advanced Endoscopy & Surgical Ctr., LLC." Plaintiff argues that "the least sophisticated consumer," as interpreted under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, would not understand to whom this debt belongs. *See Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006). We disagree, and accordingly dismiss this suit for the reasons stated below. However, because Plaintiff has some basis, however flimsy, to bring this suit, we deny the motion for sanctions.

I.   BACKGROUND

Advanced Endoscopy & Surgical Center, LLC, apparently hired Defendant Capital

Collection Service to recover a debt of $351.00 allegedly incurred by Plaintiff. (Am. Compl.) Capital Collection Service is a company that attempts to collect debts due to its clients, and contacts debtors by various means including, as here, letters. What brings Mr. Macelus to court today is a letter notifying Plaintiff of a claim for collection and requesting that Plaintiff "pay or dispute this account directly with this office." (Am. Compl. Ex. A.) The letter states in the top right corner what it is about: "Account for: Advanced Endoscopy & Surgical Ctr, LLC." Below that, it states "Service Date: 08/24/15" and "Balance Due: $351.00." It states "This claim has been sent to us for collection. We request that you pay or dispute this debt directly with this office." In case there was any doubt about what these words and numbers refer to, the header of the letter is "Capital Collection Service," whose name ought to be a dead giveaway as to the purpose of the letter. The letter also states "[t]his is an attempt to collect a debt by a debt collector."

Plaintiff, though, discerned injustice in this language, and filed a class action complaint. Plaintiff has since amended as of right, and the operative complaint argues that "[a]lthough the Letter identifies the name of the facility the alleged debt was incurred to, the Letter fails to explicitly or implicitly identify Plaintiff's current creditor." (Am. Compl. ¶ 33.) Plaintiff also argues that as a "least sophisticated consumer," he "was left unsure as to what creditor Defendant was attempting to collect for." (*Id.* at ¶ 34.) He argues that "[m]erely naming the creditor as the 'account,' does not explicitly convey that the 'account' is the current creditor to whom the debt is owed." (*Id.* at 38.) Plaintiff argues this is part of some pernicious pattern and practice used to collect consumer debts.

Defendant received the original complaint and promptly responded by moving for dismissal and also notifying Plaintiff, consistent with Fed. R. Civ. P. 11(c)(2), that if he did not drop the case, Defendant would move for sanctions. Plaintiff, undeterred, filed an amended

2

complaint, which he now argues moots the motion to dismiss, and opposed the sanctions motion. The amended complaint has only one claim: that this conduct violates the FDCPA, specifically 15 U.S.C. § 1692g.

This Court addresses three issues today. First, does the amended complaint moot the motion to dismiss? Second, if not, should the Court grant the motion to dismiss for failure to state a claim? And, finally, should the Court impose sanctions on Plaintiff for filing a frivolous lawsuit?

## II. THE 12(b)(6) STANDARD

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted).

### III. DISCUSSION

#### A. Defendant's Motion to Dismiss Is Not Moot

Plaintiff argues that Defendant's motion to dismiss is moot because Plaintiff filed an amended complaint, which "supersedes the original version in providing the blueprint for the future course of a lawsuit." *Snyder v. Pascack Valley Hospital*, 303 F.3d 271, 276 (3d Cir. 2002). Plaintiff is right insofar as the amended complaint becomes the operative complaint. But that alone does not the make the motion to dismiss moot. Plaintiff's amended complaint merely removed two counts, leaving only a claim under 15 U.S.C. § 1692g, under which a debt collector must identify the name of the creditor to whom the debt is owed. Defendant's motion to dismiss is responsive to this, and there are no material changes to the claim in the amended complaint. "If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance." Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.); *Weber v. Pilot Travel Centers, LLC*, 2012 WL 924871, at *2 (D.N.J. Mar. 19, 2012) (same). Defendant's motion to dismiss is thus not mooted by the amended complaint.

#### B. The Amended Complaint Fails to State a Claim

There is only one claim in the amended complaint: that Defendant failed to disclose the "name of the creditor to whom the debt is owed" when it wrote "Account for: Advanced Endoscopy & Surgical Ctr, LLC." 15 U.S.C. § 1692g(a)(2). In the Third Circuit, communications from lenders to debtors subject to the FDCPA are analyzed from the perspective of the "least sophisticated debtor." *Brown*, 464 F.3d at 454. The goal is to protect "all consumers, the gullible as well as the shrewd." *Id.* (quotations omitted). A degree of care in choice of words is therefore required. "[M]ore is required than the mere inclusion of the statutory debt validation notice in the

4

debt collection letter—the required notice must also be conveyed effectively to the debtor." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000). However, the FDCPA prevents liability for "bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson*, 225 F.3d at 354–55 (quotations and citations omitted). We note, further, that we are to evaluate the entire letter, not bits and pieces of it. Context matters. *See, e.g.*, *Wright v. Phillips & Cohen Assocs., Ltd.*, 2014 WL 4471396, at *5 (E.D.N.Y. Sept. 10, 2014) ("The least sophisticated consumer would have known, after reading the entirety of the letter, that Defendant sought to collect a debt on behalf of [a creditor].").

Plaintiff compares the letter, which we have described above, as similar to the one at issue in *Datiz v. Int'l Recovery Assocs., Inc.*, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016). The *Datiz* letter stated, among other things, "Re: John T. Mather Hospital," the balance due, that "this account has been listed with our office for collection," and that "this communication is from a debt collection agency and this is an attempt to collect a debt." *Id.* at *1. The *Datiz* court concluded that "the fact that the caption February 13, 2015 Letter lists John T. Mather Hospital is not, without more explanation, sufficient to satisfy Section 1692g(a)(2) because it does not identify the Hospital as the Plaintiff's current creditor." *Id.* at *11. Plaintiff also points to *McGinty v. Prof'l Claims Bureau, Inc.*, 2016 WL 6069180, at *1 (E.D.N.Y. Oct. 17, 2016), which concluded that a letter stating "Re: NSLIJ PHYSICIANS – DEPT OF ORTHOPEDIC SURGERY," and that the plaintiff's accounts had been "referred" to the defendant debt collector, failed to "explicitly or implicitly identify" the plaintiff's current creditors, in violation of 15 U.S.C. § 1692g(a)(2).

We note at the outset that *Datiz* and *McGinty* are merely persuasive authority on this Court, and not very persuasive at that. We are at pains to understand how even the "least sophisticated"

of consumers—consumers definitionally being persons who pay bills (i.e., "consume") at least occasionally—would fail to identify that a bill was being collected on by the *Datiz* or *McGinty* letters and that that bill related to the creditor identified by "re." But that is of no moment here, for we need not decide on the meaning of "re." We are asked instead to decide on whether "Account for" is language that sufficiently conveys, to the least sophisticated consumer, notice of a creditor seeking recovery of a debt.

Plaintiff's arguments that this language is insufficient verge on the silly. Plaintiff argues that the letter here does not "explicitly" state that Advanced Endoscopy & Surgical Ctr, LLC—whose name is in the top right corner, in capitalized letters—is the current creditor to whom the debt is owed. "Account for," Plaintiff argues, is an insufficient tip-off on who that creditor might be. Plaintiff similarly argues that the language of the letter, including the statement "[t]his claim has been sent to us for collection," provides the least sophisticated consumer with "quite literally [] no way of knowing who currently owns her debt." (Doc. No. 8 at 6.) Plaintiff further argues that some consumers are oblivious to the fact that debts are sold to buyers, and while he's undoubtedly correct that some consumers are not aware of this, we fail to see how that fact matters here when the letter can be read only as a request to pay off a creditor's debt. Ultimately, and despite Plaintiff's contentions, there simply is no other way to read the letter. It literally says "this is an attempt to collect a debt by a debt collector." The plain language of the letter indicates what its purpose is: to recover a creditor's debts. It says who that creditor is. It says how much that creditor wants. If we assume the recipient of the letter has a passing knowledge of English, it does not strain the imagination to figure out why this ended up in his mailbox. And we presume Plaintiff has "a basic level of understanding and willingness to read with care." *Wilson*, 225 F.3d at 354–55.

We therefore agree with Defendant that "the least sophisticated consumer does not mean an imbecile." The letter at issue today appears to this Court to be fair notice, readable, and obviously relating to an outstanding debt owed to the creditor Advanced Endoscopy & Surgical Ctr., LLC and whose recovery is sought by a debt collector. It follows that Plaintiff's complaint is bereft of merit and is, accordingly, dismissed.

## IV. RULE 11 SANCTIONS

Finally, Defendant moves for fees and costs incurred in defending against Plaintiff's meritless claims pursuant to Federal Rule of Civil Procedure 11. Sanctions awarded under Rule 11 "are warranted only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." *Goldenberg v. Indel, Inc.*, No. 09–5203, 2011 WL 1134454, at *2 (D.N.J. Mar. 25, 2011) (citing *Watson v. City of Salem*, 934 F. Supp. 643, 662 (D.N.J. 1995); *see also Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)). Indeed, the Third Circuit has recognized that Rule 11 sanctions should only be imposed in those rare instances where the evident frivolousness of a claim or motion amounts to an "abuse[ ] of the legal system." *Id*.

A Rule 11 motion alleging that a party has violated subsection (b) of the rule must be filed as a separate pleading. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."). The instant Rule 11 motion was filed in accordance with this rule.

Further, before addressing the merits of a party's Rule 11 motion, the Court must determine whether the party complied with the "safe harbor" provision of Rule 11(c)(2). Under that provision, a party cannot file a motion for sanctions until it first presents the motion to the offending party, and allows 21 days for the other party to withdraw or correct the challenged issue.

*In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008) (citing Fed. R. Civ. P. 11(c)(2)). Defendant has done this as well.

Rule 11 requires an attorney who signs a complaint to certify that there is a reasonable basis in law or fact for the claim. Plaintiff has relied on two cases that found "re" to be insufficiently precise under the FDCPA, but aside from that has presented precious little to show this claim was remotely meritorious. Although we believe Plaintiff has failed to "stop, think, investigate and research before filing papers with the court," *Gaiarado v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987), the fact that some courts have entertained similar actions indicates some basis in reality for believing the suit was not entirely frivolous. We therefore decline to impose sanctions, and the motion for sanctions is denied.

## V. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED** and Defendant's motion for sanctions is **DENIED**. An order follows.


Dated:     11/07/2017                                s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge